IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:20-cr-80-M

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                        ORDER

DONTEE DESHAWN FORTE,

    Defendant.

This matter comes before the court on the United States' Motion to Authorize Payment from Inmate Trust Account [DE 88] and the Defendant's motion to reopen the response deadline [DE 89]. The United States seeks entry of an order authorizing the BOP to turn over $1,188.40 of the funds held in Defendant's inmate trust account to the Clerk of the United States District Court as payment towards Defendant's outstanding criminal monetary penalties.

18 U.S.C. § 3613 provides that a sentence imposing certain fines or restitution constitutes a lien in favor of the government against all of the defendant's property and rights to property. *See* 18 U.S.C. § 3613(c). "If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." *Id.* § 3664(n). Section 3613 "permits the Government to take funds in an inmate's trust account to satisfy criminal obligations." *United States v. Pittman*, 2022 WL 1173406, at *3 (M.D.N.C. Apr. 20, 2022); *United States v. Hill*, No. 4:13-CR-28-BR, 2017 WL 2964016, at *2 (E.D.N.C. May 24, 2017), *aff'd*, 706 F. App'x 120 (4th Cir. 2017) (holding that "an order authorizing the turnover of the Defendant's property [was] appropriate" because the

funds at issue were "in the Government's possession and the Government has a valid lien over this property"); DE 585, *United States v. Walker*, No. 2:18-CR-00037-FL (E.D.N.C. Sep. 25, 2023) (directing the BOP to turnover of all but $200 of the funds held in defendant's inmate trust account).

The Government currently possesses the requested funds and has a valid lien over those funds in the amount necessary to satisfy Defendant's outstanding criminal monetary penalties. Because the property is cash, it does not fall within any applicable categories of exempt property that a defendant may claim in a criminal case. See 18 U.S.C. § 3613(a)(1). The requested order authorizing turnover of the requested funds is appropriate.

To date, Defendant has not filed a response. Rather, on November 6, 2023, he mailed his pro se request to reopen the response deadline, alleging that he only recently received the motion and gained access to the law library. *See* DE 89. He contends that, in addition to the extension, he needs the court to order the Warden of his facility to unfreeze his inmate trust account so that he may obtain materials, including stamps, to submit a sufficient response. *Id.* In the alternative, he asks the court to appoint counsel. *Id.*

Defendant has had sufficient opportunity to respond. The United States "served the Defendant with a copy of this motion" before filing on September 27, 2023. DE 88 at 6. Defendant therefore had fourteen days to file a response "after service of the motion in question." Local Criminal Rule 47.1(c). Instead of filing a response, Defendant filed an extension request on November 9, 2023—43 days after service. To the extent the response deadline has long expired, Defendant fails to demonstrate excusable neglect with respect to the lengthy delay, as required by statute for the requested relief. *See* Fed. R. Crim. P. 45(b)(1)(B).

2

Even if the court accepts Defendant's position that he only recently received notice of the government's motion, Defendant provides no basis for this court to order the Warden of his facility to unfreeze his inmate trust account. Defendant also fails to provide a sufficient basis to grant his alternative request for court-appointed counsel for purposes of filing a response.

For the foregoing reasons, the court GRANTS the United States' motion [DE 88] and DENIES Defendant's motion [DE 89]. IT IS ORDERED that the Bureau of Prisons turn over to the Clerk of the United States District Court for the Eastern District of North Carolina $1,188.40 held in Dontee Deshawn Forte Register No. 02068-509 inmate trust account—up to the current amount of outstanding monetary penalties—as payment for the criminal monetary penalties imposed in this case. Funds should be sent to:

U.S. District Court
P.O. Box 25670
Raleigh, NC 27611

The Clerk of Court shall accept and apply these funds as payment towards the criminal monetary penalties owed by Defendant.

SO ORDERED this ___6th___ day of March, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

3